# Supreme Court of Florida

---

No. SC2025-1357

---

**GARY RICHARD WHITTON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 18, 2026

COURIEL, J.

Gary Richard Whitton, a prisoner under sentence of death, challenges the circuit court's order denying his second successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.851. Three decades after his conviction, Whitton claims that a jailhouse informant's testimony during Whitton's federal habeas proceeding reveals newly discovered evidence of prosecutorial misconduct during Whitton's murder trial. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.; *see also State v. Fourth Dist. Ct. of Appeal*, 697 So. 2d 70, 71 (Fla. 1997) (holding

"that in addition to our appellate jurisdiction over sentences of death, we have exclusive jurisdiction to review all types of collateral proceedings in death penalty cases"). As explained below, we affirm.

# I

In 1992, a jury found Gary Richard Whitton guilty of the robbery and first-degree murder of James S. Mauldin.[1] *Whitton v. State* (*Whitton I*), 649 So. 2d 861, 864 (Fla. 1994). We recounted the facts of his crimes in his direct appeal. *Id.* at 862-64. What is primarily relevant to this appeal is that, during Whitton's murder trial, the State presented evidence that while Whitton was incarcerated and awaiting trial, he confessed to a cellmate, Kenneth McCullough,[2] that he killed James. A third cellmate, Jake Ozio,

---

1. We referred to the victim as "Mauldin" in Whitton's direct appeal, but Whitton and the federal courts referred to the victim as "Maulden" during Whitton's federal habeas proceeding. *See Whitton v. Sec'y, Fla. Dep't of Corr.* (*Whitton III*), No. 23-10786, 2025 WL 1305158, at *1 n.3 (11th Cir. May 6, 2025), *vacated on other grounds sub nom.*, *Whitton v. Dixon*, No. 25-580, 2026 WL 1513270 (U.S. June 1, 2026). Here, we use the victim's first name, James.

2. We spelled this inmate's last name as "McCollough" in Whitton's initial postconviction proceeding. *See Whitton v. State* (*Whitton II*), 161 So. 3d 314, 322-23 (Fla. 2014). But Whitton and

testified that he overheard this confession. *Whitton I*, 649 So. 2d at 863-64. The jury unanimously recommended the death sentence, and the trial judge sentenced Whitton to death. *Id.* at 864. We affirmed. *Id.* at 862. And on October 2, 1995, the United States Supreme Court denied Whitton's petition for certiorari review. *Whitton v. Florida*, 516 U.S. 832 (1995).

In the last three decades, Whitton made several unsuccessful attempts to obtain postconviction relief in state court. *See Whitton II*, 161 So. 3d 314 (affirming the denial of Whitton's initial motion for postconviction relief and denying his habeas petition); *Whitton v. State*, 238 So. 3d 724 (Fla. 2018) (affirming the denial of Whitton's first successive postconviction motion seeking relief under *Hurst v. State*, 202 So. 3d 40 (Fla. 2016)); *see also Whitton v. State*, 824 So. 2d 171 (Fla. 2002) (table) (denying petition for writ of mandamus); *Whitton v. State*, 838 So. 2d 560 (Fla. 2003) (table) (dismissing an appeal from a nonfinal order).

During Whitton's initial postconviction proceeding, he argued that Ozio falsely testified about overhearing Whitton's confession

---

the federal courts spelled it as "McCullough." *See Whitton III*, 2025 WL 1305158, at *2 n.4.

and that the State knew Ozio's testimony was false. *See Whitton II*, 161 So. 3d at 322, 323-24. In putting on that testimony, Whitton said, the State violated the command of *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).[3] *Whitton II*, 161 So. 3d at 322.[4] We found Whitton had failed to demonstrate that Ozio's testimony was false, as Ozio refused to testify at the postconviction court's evidentiary hearing. *Id.* at 323. Another problem for Whitton was that he had not admitted into evidence Ozio's affidavit recanting his trial testimony. *Id.* We also found that, even if Ozio's trial testimony was false, Whitton had failed to demonstrate that the State was aware Ozio intended to present false testimony. *Id.* at 324.

---

3. *Giglio* forbids the State "from knowingly presenting false testimony against the defendant." *Hurst v. State*, 18 So. 3d 975, 991 (Fla. 2009). *Brady* requires the State "to disclose material information within its possession or control that is favorable to the defense." *Taylor v. State*, 62 So. 3d 1101, 1114 (Fla. 2011).

4. Whitton also raised *Giglio* and *Brady* claims related to cellmate McCullough's testimony. *See Whitton II*, 161 So. 3d at 322-23. McCullough passed away before Whitton's postconviction proceeding, but we found that Whitton had failed to demonstrate McCullough's testimony was false or that the State knew it was false. *Id.*

Whitton also sought federal habeas relief, raising similar *Giglio* claims. *See Whitton III*, 2025 WL 1305158, at *1. Relevant to this appeal, the federal district court allowed Whitton to obtain Ozio's deposition, which was taken on May 17, 2021, and during which Ozio recanted his trial testimony. At that deposition and at a federal evidentiary hearing on September 27, 2022, Ozio testified that he never actually overheard Whitton confess, that he believed he would receive a benefit for testifying against Whitton, and that he lied at trial about not having a prior criminal record. *Id.* at *6-7. Ozio, however, acknowledged that he had no evidence that the State knew his testimony against Whitton was false. The federal district court denied relief, finding Whitton had failed to raise a material *Giglio* claim. *Id.* at *7. The United States Court of Appeals for the Eleventh Circuit affirmed. *Id.* at *1. The United States Supreme Court vacated the Eleventh Circuit's judgment and remanded the case for further proceedings, determining that the Eleventh Circuit "should not have considered" certain post-trial evidence in its decision. *Whitton v. Dixon*, 2026 WL 1513270, at *2.

On July 7, 2023, Whitton filed this second successive motion for postconviction relief. In it, he raised three claims: (1) newly

discovered evidence from Ozio's federal testimony demonstrates that his testimony at Whitton's murder trial was false, (2) the State violated *Giglio* because of this false testimony, and (3) the State violated *Brady* for not disclosing evidence related to this false testimony. The circuit court summarily denied all three claims as untimely and procedurally barred. This appeal follows.

## II

The circuit court did not err in finding Whitton's second successive postconviction claims untimely and procedurally barred. We review summary denials of successive postconviction claims de novo. *See Suggs v. State*, 421 So. 3d 410, 415 n.2 (Fla. 2025), *petition for cert. filed*, No. 25-7416 (U.S. May 19, 2026).[5]

---

5. As a preliminary matter, Whitton argues that the circuit court failed to hold a case management conference pursuant to *Huff v. State*, 622 So. 2d 982 (Fla. 1993), and as required by rule 3.851(f)(5)(B). In *Huff*, we held that courts considering initial postconviction motions for capital defendants must hold a hearing at which legal arguments can be made prior to ruling on the motion. *Id.* at 983. Rule 3.851(f)(5)(B) requires these hearings for successive postconviction motions within thirty days of the State's answer. Here, the circuit court dispensed with a case management conference before summarily denying Whitton's motion. It was error for the circuit court to sidestep rule 3.851(f)(5)(B) at the State's urging. *See Sparre v. State*, 426 So. 3d 1247, 1250 n.6 (Fla. 2025), *petition for cert. filed*, No. 25-7292 (U.S. Apr. 30, 2026). But we have held that "any error in failing to hold a *Huff* hearing on a

We have said that "[g]enerally, postconviction claims in capital cases are untimely if filed more than a year after the judgment and sentence became final." *Mungin v. State*, 320 So. 3d 624, 625 (Fla. 2020) (citing Fla. R. Crim. P. 3.851(d)). "For an otherwise untimely claim to be considered timely as newly discovered evidence, it must be filed within a year of the date the claim became discoverable through due diligence." *Id.* at 625-26 (quoting *Reed v. State*, 116 So. 3d 260, 264 (Fla. 2013)). "It is incumbent upon the defendant to establish the timeliness of a successive postconviction claim." *Id.* (citing *Rivera v. State*, 187 So. 3d 822, 832 (Fla. 2015)). And to establish that a claim is timely raised, a defendant must "credibly offer[] the date on which his claims became discoverable." *Damren v. State*, 397 So. 3d 607, 613 (Fla. 2023).

Whitton's claims are untimely. His judgment became final, for the purpose of the limitation period, in 1995—over thirty years ago.

---

successive postconviction motion is harmless if the motion is legally insufficient to warrant . . . relief." *Boyd v. State*, 324 So. 3d 908, 913 (Fla. 2021) (citing *Taylor v. State*, 260 So. 3d 151, 157-58 (Fla. 2018)). Because Whitton's second successive postconviction motion is without merit, we find the circuit court's failure to hold a case management conference was harmless.

And Whitton's Ozio-related claims became discoverable through due diligence more than a year before Whitton filed this second successive postconviction motion.

Whitton has known about Ozio's alleged cooperation with the State since at least 2000, when Whitton obtained Ozio's recantation affidavit. *See Whitton III*, 2025 WL 1305158, at *4. Any alleged new information on which to base an Ozio-related newly discovered *Giglio* or *Brady* claim has been discoverable since at least then. *See Suggs*, 421 So. 3d at 418 (finding newly discovered evidence claim untimely because the defendant became aware of the witness with allegedly new information twenty years earlier); *Stein v. State*, 406 So. 3d 171, 174-75 (Fla. 2024) (finding successive postconviction *Brady* claim untimely when the witnesses with allegedly new information were known to the defendant since trial); *Mungin*, 320 So. 3d at 626 (finding the recantation on which the defendant based his successive postconviction claims was discoverable more than a year before his successive postconviction motion was filed because the recanting witness was known and available to the defendant since trial). Whitton knew of Ozio's allegedly false testimony years before this motion but now claims that Ozio's testimony during

- 8 -

Whitton's federal habeas proceeding sheds new light on its falsity. But "previously known evidence does not become newly discovered every time a new detail emerges," let alone each time it is repeated. *Suggs*, 421 So. 3d at 417 (citing *Dailey v. State*, 329 So. 3d 1280, 1287-88 (Fla. 2021)).

Moreover, Whitton's counsel deposed Ozio for his federal habeas proceeding on May 17, 2021. Even if the underlying information on which Whitton bases his instant Ozio-related claims truly became discoverable then, Whitton filed this motion on July 7, 2023—more than two years later. So it is untimely. Whitton's contrary argument—that his clock should have started running in September 2022 (Ozio's federal evidentiary hearing testimony)—is without merit. This Court recognizes evidence as new when it becomes discoverable through due diligence, not when the information is later testified about in court. *See Mungin*, 320 So. 3d at 625-26.

Whitton's instant claims are also procedurally barred. "Claims raised and rejected in prior postconviction proceedings are procedurally barred from being relitigated in a successive motion." *Reynolds v. State*, 373 So. 3d 1124, 1126 (Fla. 2023) (quoting

*Hendrix v. State*, 136 So. 3d 1122, 1125 (Fla. 2014)); *see also*

*Barwick v. State*, 361 So. 3d 785, 792 (Fla. 2023) (affirming the

denial of a claim as procedurally barred because variations of it

were raised in prior proceedings). Whitton raised Ozio-related *Giglio*

and *Brady* claims in his initial postconviction proceeding, and we

rejected them. *See Whitton II*, 161 So. 3d at 322-24. Whitton now

contends he can better support these claims or raise new variations

of them with new information obtained from his federal habeas

proceeding. But Whitton "cannot overcome a procedural bar by

simply alleging new support for old claims." *Suggs*, 421 So. 3d at

418. And to the extent that any *Giglio* or *Brady* claims predicated

on Ozio's alleged false testimony had not yet been fully litigated

prior to this successive motion, such claims are procedurally barred

because they could have been raised in prior proceedings as we

discussed above. *See Sparre v. State*, 391 So. 3d 404, 406 n.5 (Fla.

2024).

Whitton asserts that the State thwarted his previous efforts to

raise Ozio-related claims because it "threatened" Ozio with perjury

charges if he testified differently at Whitton's initial postconviction

evidentiary hearing than he did at Whitton's trial. We reject this

argument. In *Johnson v. State*, 397 So. 3d 626, 639 (Fla. 2024), we found that a witness was not threatened when a prosecutor made the witness aware of the risk of criminal liability if he elected to change his earlier sworn testimony, and the witness chose not to testify differently after consulting independent counsel. Similarly here, Ozio chose not to testify at Whitton's initial postconviction evidentiary hearing after being made aware of the risk of criminal liability for perjury and receiving the advice of independent counsel. *See Whitton III*, 2025 WL 1305158, at *4. Thus, "Ozio refused to testify" at Whitton's initial postconviction proceeding, and the claims Whitton raised in that proceeding are now procedurally barred. *Whitton II*, 161 So. 3d at 323.

The circuit court did not err in summarily denying Whitton's second successive motion for postconviction relief on timeliness and procedural grounds.[6]

### III

For these reasons, we affirm the order summarily denying

---

6. Because Whitton's claims are untimely and procedurally barred, we need not reach the merits of the motion. *See Mungin,* 320 So. 3d at 626 n.4 ("Because [the appellant's] claims were procedurally barred, they were properly denied . . . .").

Whitton's second successive postconviction motion.

It is so ordered.

MUÑIZ, C.J., and LABARGA, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Walton County,
   Jeffrey E. Lewis, Judge
   Case No. 661990CF000429CFAXMX

Mark E. Olive of Law Offices of Mark E. Olive, P.A., Tallahassee, Florida,

   for Appellant

James Uthmeier, Attorney General, and Jason W. Rodriguez, Senior Assistant Attorney General, Tallahassee, Florida,

   for Appellee